

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-09-352-CR

DAVID PONDER                                                    APPELLANT

V.

THE STATE OF TEXAS                                                   STATE

------------

FROM COUNTY CRIMINAL COURT NO. 4 OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

### I. Introduction

Appellant David Ponder appeals his conviction for misdemeanor assault.[2] He contends in one issue that the trial court erred by failing to grant his motion for instructed verdict. We affirm.

---

[1] *See* Tex. R. App. P. 47.4.

[2] *See* Tex. Penal Code Ann. § 22.01(a)(1), (b) (Vernon 2005).

## II. Background

On July 3, 2008, Appellant hit the complainant, Thomas Sheaff, on the right side of Sheaff's head, causing Sheaff to fall against a van parked nearby. Appellant was charged by information with misdemeanor assault for intentionally, knowingly, or recklessly causing bodily injury to Sheaff "on or about the 3rd day of July, A.D., 2008." Appellant pleaded not guilty but was found guilty following a jury trial. The trial court sentenced Appellant to 365 days' incarceration but probated Appellant's sentence for two years.

## III. Exact Date of Offense as Alleged

Appellant contends in his sole issue that the trial court erred by failing to grant his motion for instructed verdict. Specifically, Appellant contends that the trial court should have granted the motion for instructed verdict because the State did not offer evidence to establish what the "A.D." refers to in the information; therefore, according to Appellant, the State failed to prove that the date alleged was within the statute of limitations. We disagree.

## A. Standard of Review

The standard of review for a motion for directed verdict is the same as that used to review the legal sufficiency of the evidence. *See Williams v. State*, 937 S.W.2d 479, 482 (Tex. Crim. App. 1996). In reviewing the legal sufficiency of the evidence to support a conviction, we view all of the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact

2

could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

**B. Analysis**

"It is well settled that the 'on or about' language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period." *Sledge v. State*, 953 S.W.2d 253, 256 (Tex. Crim. App. 1997). "[T]he primary purpose of specifying a date in the indictment is . . . to show that the prosecution is not barred by the statute of limitations." *Garcia v. State*, 981 S.W.2d 683, 686 (Tex. Crim. App. 1998). Moreover, the jury may draw reasonable inferences from basic facts to ultimate facts. *Clewis v. State*, 922 S.W.3d 126, 133 (Tex. Crim. App. 1996).

Here, Appellant was charged in August 2008 by information of assaulting Sheaff "on or about the 3rd day of July, A.D., 2008," and the State offered evidence that Appellant assaulted Sheaff in July 2008. From that evidence, the jury could have inferred that the assault occurred in July 2008, A.D., or July 2008, B.C. To the extent that the jury inferred that the assault occurred in July 2008, A.D., the jury's inference was reasonable because the other, unreasonable inference would mean that Appellant is more than 4,000 years old. We hold that the State presented legally sufficient evidence that Appellant assaulted Sheaff within the statute of

3

limitations and that the trial court did not err by denying Appellant's motion for instructed verdict. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Clayton*, 235 S.W.3d at 778; *Williams*, 937 S.W.2d at 482. We overrule Appellant's sole point.

## IV. Conclusion

Having overruled Appellant's sole point, we affirm the trial court's judgment.


ANNE GARDNER
JUSTICE

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: August 12, 2010

4